LEO JACKSON, Plaintiff and Appellant, *v.* ERCILIO TORRES ET AL., Defendants and Appellees.

No. 5520.    Argued June 4, 1931.—Decided July 29, 1932.

*Alberto S. Poventud* for appellant.    *Leopoldo Tormes* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was an action to abate a nuisance consisting in the fact that the defendants, on lands adjacent to the house occupied by the plaintiff, had constructed small houses with privies which by the manner of the construction thereof al-

lowed sewerage to flow towards the house of the plaintiff and also to produce offensive odors. The answer denied in effect the existence of the nuisance and the court, after a trial, although finding an unsanitary condition to exist, among other things found that the nuisance had not been proved. To support its conclusion the court took a view of the premises both in the afternoon and at night, and in its report thereon the court found that no odor could be observed although conditions were favorable to the catching of the odor, if it existed, and that, furthermore, there were no signs of water flowing toward the house of the plaintiff. This finding of facts would justify the affirmance of the judgment unless the appellant showed clearly some error in the weighing of the evidence.

The plaintiff did in fact attempt to show that the view was taken at a time when the defendants, knowing that the view was about to take place, rushed to the land next to the plaintiff's house and caused a general cleaning up of the premises, using creoline. The court was not bound to believe this evidence of a quasi conspiracy, and did not. The appellant does not convince us by these other arguments that the court erred in its weighing of the evidence. This would dispose of the fourth and fifth assignments of error.

The court did not base its opinion and judgment on the fact that this was a case of *vis major* inasmuch as the defendants had taken up their residence there by reason of the cyclone of San Felipe. This situation, however, would to a certain extent explain the action of the municipality in failing to carry out an order of the health authorities requiring the defendants to close the privies up. Dr. Goyco explained that the order was held in suspense by the action of the mayoralty. The court did not found its judgment on the fact that the defendants were poor people.

The appellant laid much stress on the fact that the health authorities had ordered these privies to be removed or closed up. This order in itself would not tend to prove the case

of the plaintiff. He still was bound to prove by a preponderance of the evidence the actual facts alleged in his complaint.

The court did not make its judgment depend upon the fact that the owners of the land had taken no action against the defendants, and the third error assigned is therefore unimportant. The court likewise did not make its judgment depend upon the fact that it was rather the municipality or the health authorities which should act to bring the alleged nuisance to an end.

The principal matter held by the court, apparently with entire justification, was that no real action for nuisance had been proved. The houses, in point of fact, were not as close to the plaintiff's dwelling as would appear from the complaint. There were a number of other houses on the land from which the alleged nuisance emanated.

The appellees maintain that the conditions complained of were in the nature of a public nuisance, if anything, and that the plaintiff did not show such special damage to himself as would justify a private action to abate a nuisance. There is merit in this contention, but we do not need to base our judgment on it.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.